UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-1909-CAS (RZx) | Date | January 8, 2013 |
|---|---|---|---|
| Title | CITIMORTGAGE, INC. V. CAROLYN L. BORDERS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not present | | Not present |

**Proceedings:** (In Chambers:) PLAINTIFF'S MOTION TO REMAND

## I. INTRODUCTION

On April 10, 2012, plaintiff CitiMortgage, Inc. filed an unlawful detainer action in San Bernardino County Superior Court against *pro se* defendants Carolyn Borders, Eric Borders, and Does 1 to X, inclusive.

On August 13, 2012, defendant Eric Borders filed a notice of removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1443. Defendant asserts that this Court has jurisdiction on the basis of a federal question and because defendant is unable to enforce his civil rights in state court. See Dkt. No. 1. On November 29, 2012, plaintiff filed a motion to remand. Defendants have not opposed the motion.

## II. ANALYSIS

As an initial matter, the Court concludes that defendant's notice of removal is untimely. Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, the action was initiated on April 10, 2012, yet defendants did not remove until October 31, 2012. As such, remand is appropriate on this basis alone.

In addition, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-1909-CAS (RZx) | Date | January 8, 2013 |
|---|---|---|---|
| Title | CITIMORTGAGE, INC. V. CAROLYN L. BORDERS, ET AL. | | |

defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007). Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See Dkt. No. 1. Defendant cannot create federal subject matter jurisdiction by adding claims or asserting defenses under the U.S. Constitution or other federal laws. See McAtee, 479 F.3d at 1145. Accordingly, the Court lacks subject matter jurisdiction based on a federal question. See Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.[1]

Moreover, removal pursuant to 28 U.S.C. § 1443 is also improper. To remove this case pursuant to 28 U.S.C. § 1443, petitioner must satisfy a two-part test. See Georgia v. Rachel, 384 U.S. 780, 788–92, 794–804 (1966); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28 (1966). Petitioners must demonstrate that: (1) as a defense to a civil action or prosecution, they have asserted "rights that are given to them by explicit statutory enactment protecting equal racial civil rights"; and (2) "that the state court upholds a statute or constitutional provision that orders the state court not to enforce those federally protected civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). Defendant has not identified a relevant California statute that would preclude him from asserting any of his federal civil rights; therefore, it appears that defendant is unable to satisfy this two-part test. See Union Bank v. Lebow, 2012 U.S. Dist. LEXIS 60152, *3–4 (C.D. Cal. Apr. 27, 2012). Accordingly, 28 U.S.C. § 1443 provides no support for defendant's removal of this action.

**III.   CONCLUSION**

In accordance with the foregoing, this case is hereby REMANDED to the San Bernardino County Superior Court.

IT IS SO ORDERED.

00   :   00

Initials of Preparer   CMJ

---

[1] To the extent that defendant argues that plaintiff's claims are subject to complete preemption by federal law, conferring jurisdiction upon this Court, this argument is also without merit. In addition, the Court DENIES defendant's request to stay this case pending appeal of this order.